UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN F.,[1]

                               Plaintiff,           DECISION AND ORDER

-vs-

                                            1:24-cv-00017-MAV

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

## INTRODUCTION

Plaintiff Stephen F. ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of the United States Social Security Administration ("Commissioner"), denying Plaintiff's application for Supplemental Security Income ("SSI"). *See* ECF Nos. 1, 1–1; 42 U.S.C. § 1383(c)(3). The parties filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and Plaintiff filed a reply brief. ECF Nos. 4, 8, 9. For the reasons set forth below, the Court grants Plaintiff's motion [ECF No. 4] to the extent that the matter is remanded for further administrative proceedings and denies the Commissioner's cross-motion [ECF No. 8].

## PROCEDURAL HISTORY

The Court assumes the reader's familiarity with the facts and procedural history in this case, and therefore addresses only those facts and issues which bear

---

[1] The Court's Standing Order issued on November 18, 2020, directs that "in opinions filed pursuant to . . . 42 U.S.C. § 405(g), in the United States District Court for the Western District of New York, any non-governmental party will be identified and referenced solely by first name and last initial."

1

directly on the resolution of the motions presently before the Court.

## I. Plaintiff's Applications

In December 2020, Plaintiff protectively filed applications for SSI and Disability Insurance Benefits ("DIB"), alleging a disability onset date of March 1, 2013, due to his psychogenic seizure disorder, migraine headaches, bipolar disorder, polysubstance use disorder (in remission), depression, attention deficit hyperactivity disorder ("ADHD"), and generalized anxiety disorder. Administrative Record ("AR") at 22, 53–61, 78.[2] His SSI and DIB claims were initially denied by the Social Security Administration ("SSA") on April 12, 2021, and denied on reconsideration on September 29, 2021. *Id.* at 22, 133, 149, 161.

## II. Plaintiff's Hearing Before the ALJ

Thereafter, Plaintiff requested a hearing, which was held on October 25, 2022, via video conference before an Administrative Law Judge ("ALJ"). *Id.* at 22, 43–44. At the hearing, Plaintiff amended his disability onset date to December 8, 2020, and withdrew his request to have a hearing on his DIB claim. *Id.* at 22, 44–47. Because Plaintiff elected not to proceed with a hearing with respect to his DIB claim, the ALJ concluded that the SSA's denial of that claim on reconsideration remains in effect. *Id.* at 22. Plaintiff's DIB claim is thus not a subject of this appeal. *See* ECF No. 4–1 at 2 (Plaintiff acknowledging in his supporting memorandum of law that he voluntary dismissed his DIB claim); 42 U.S.C. § 405(g) (providing for judicial review of a "final

---

[2] When referencing the page number(s) of citations to the administrative record in this Decision and Order, the Court cites to the CM/ECF-generated page numbers that appear in the upper righthand corner of each page.

2

decision . . . made after a hearing").

### III. The ALJ's Decision[3]

To be eligible for Supplemental Security Income, a person must be aged, blind, or disabled, and must meet certain requirements pertaining to income and assets. 42 U.S.C. § 1382(a). A person is disabled for the purposes of SSI (and DIB) if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* §§ 423(d)(1)(A), 1382c(a)(3)(A).

As to Plaintiff's claim for SSI, the ALJ issued a decision on November 23, 2022, concluding that Plaintiff was not disabled under the Social Security Act (the "Act"). AR at 19, 34; *see* 42 U.S.C. § 1382c(a)(3)(A).

Plaintiff was born in 1987 and was thirty-four years old at the time of the hearing in October 2022. AR at 43, 45. He graduated from high school and attended college for approximately three years. *Id.* at 45. In 2011 and 2012, Plaintiff worked as a waiter/server in close to a full-time capacity and has held no other full-time positions. *Id.* at 67–68. Since December 8, 2020—Plaintiff's amended disability onset date—Plaintiff worked sparingly as a driver for Uber and Lyft. *Id.* at 25–26, 47, 52. At step one, of the Commissioner's five-step, sequential evaluation process,[4] the ALJ

---

[3] The facts referenced herein were found by the ALJ, *see* AR at 19–34, as supplemented by the administrative record.

[4] The Social Security Administration has established a "five-step, sequential evaluation process" that an ALJ must follow to determine whether a claimant has a "disability" under the law:

found that Plaintiff had not engaged in substantial gainful activity over the relevant period. *Id.* at 25.

At step two, the ALJ found that Plaintiff's diagnosed psychogenic seizure disorder and migraine headaches each constituted severe impairments. *Id.* The ALJ also found that Plaintiff had been diagnosed with bipolar disorder/depressive disorder, anxiety disorder, ADHD, and polysubstance abuse disorder, which had been in remission since no later than February 2021. *Id.* at 25, 27. However, after employing the special technique,[5] the ALJ determined that these additional

---

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing, *inter alia*, 20 C.F.R. § 404.1520(a)(4)(i)–(v), § 416.920(a)(4)(i)–(v)). The claimant bears the burden of proof for the first four steps of the process. *McIntyre*, 758 F.3d at 150; *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999). At step five, the burden shifts to the Commissioner to demonstrate that there is other work in the national economy that the claimant can perform. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

[5] When a claimant alleges mental impairments in support of their claim of disability, the ALJ must supplement steps two and three of the standard five-step analysis with what is known as the "special technique." *See* 20 C.F.R. § 416.920a; *Ornelas–Sanchez v. Colvin*, 632 F. App'x 48, 49 (2d Cir. 2016). This technique requires the ALJ to determine first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 416.920a; *see Ornelas–Sanchez*, 632 F. App'x at 49.
 If the claimant is found to have such an impairment, the ALJ must rate the degree of functional limitation resulting from the impairment(s) across four broad functional areas, known as "Paragraph B criteria": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting and managing oneself. *See* 20 C.F.R. § 416.920a(c); 20 C.F.R. Part 404, Subpart B, Appendix 1 §§ 12.00(E)(1)–(4); *see also Ornelas–Sanchez*, 632 F. App'x at 49 (using pre-2017 amendment descriptions of the four functional areas).
 Based on the record, the ALJ must make a finding as to the degree of any limitations in each functional area, using assessments of "none," "mild," "marked," and "extreme," *see* 20 C.F.R. § 416.920a(c), which in turn informs whether the ALJ deems the mental impairment "severe" or "non-severe," *see id.* § 416.920a(d).

4

medically determinable mental impairments posed only "mild" limitations in each of the four functional areas and, therefore, were non-severe. *Id.* at 25–30. After confirming that none of Plaintiff's impairments, or a combination thereof, met or medically equaled one of the listed impairments in the Listings at step three, the ALJ proceeded to the RFC assessment. *Id.* at 30.

The ALJ concluded that Plaintiff retained the RFC to perform a full range of work at all exertional levels but with certain non-exertional limitations. *Id.* at 31. Specifically, the ALJ found that Plaintiff "should avoid more than moderate (office) levels of noise and avoid concentrated exposure to hazards, such as dangerous machinery and unprotected heights." *Id.* Consistent with the vocational expert's hearing testimony, the ALJ found that Plaintiff's RFC did not preclude Plaintiff from performing his past relevant work as a waiter/server, which is classified as "light semi-skilled (SVP 3) work." *Id.* at 33, 34, 68–69. Consequently, the ALJ found that Plaintiff was "not disabled" at step four and, thus, did not proceed to step five. *Id.* at 34.

Plaintiff requested review by the Appeals Council, which was denied, rendering the ALJ's order on Plaintiff's SSI claim the final decision of the Commissioner. AR at 5. This appeal followed.

## LEGAL STANDARD

Congress has authorized federal courts to engage in limited review of final Social Security benefits decisions. *See* 42 U.S.C. § 405(g). The Court's scope of review is limited to whether the Commissioner's determination is supported by substantial

evidence in the record and whether the Commissioner applied the correct legal standards. *See id.*; *Rucker v. Kijakazi,* 48 F.4th 86, 90–91 (2d Cir. 2022).

"'Failure to apply the correct legal standard constitutes reversible error, including in certain circumstances, failure to adhere to the applicable regulations.'" *Douglass v. Astrue*, 496 F. App'x 154, 156 (2d Cir. 2012) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (remanding for non-compliance with regulations)). Federal courts review *de novo* whether the correct legal principles were applied and whether the legal conclusions made by the ALJ were based on those principles. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

If the reviewing court is satisfied that the ALJ applied the correct legal standards, then it must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision." *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (noting it is not a federal court's function to determine *de novo* whether a plaintiff is disabled). "The substantial evidence standard means once an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Id.* (quotations and emphasis omitted); *see Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (reiterating "substantial evidence" is "more than a mere scintilla" and not a high evidentiary burden to satisfy). In other words, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Schillo*, 31 F.4th at 74 (quotation omitted). The Court "require[s] that the crucial factors in any determination be set forth with sufficient

6

specificity to enable [it] to decide whether the determination is supported by substantial evidence." *Id.* (quotation omitted).

## DISCUSSION

Plaintiff raises one challenge to the ALJ's decision, arguing it "is not supported by substantial evidence[ ] because [the ALJ] failed to consider Plaintiff's non-severe mental health impairments when formulating" Plaintiff's RFC. ECF No. 4-1 at 1.

The Commissioner counters that the ALJ's decision demonstrates that Plaintiff's non-severe mental impairments were, in fact, considered in evaluating Plaintiff's RFC. The Commissioner first argues that, at step two, the ALJ applied the special technique and "made explicit findings in all relevant functional areas"—particularly that Plaintiff had only "mild" limitations in each area. ECF No. 8–1 at 6–7. The Commissioner also points to the language concluding the ALJ's assessment of Plaintiff's RFC, which states: "Therefore, after review of the complete record, as well as consideration of all opinions in the record, [Plaintiff's] severe and nonsevere impairments, and [Plaintiff's] hearing testimony, I find that [Plaintiff] retains the residual functional capacity as set forth above." *Id.* (quoting AR at 33).

Plaintiff's reply brief emphasizes that the ALJ's step two analysis is not a substitute for a properly executed RFC determination and that the "perfunctory" and "boilerplate" language concluding the ALJ's RFC analysis is insufficient to discharge the requirements set forth by the relevant regulations. ECF No. 9 at 2. The Court agrees with Plaintiff.

In assessing a plaintiff's RFC, the ALJ "must account for limitations imposed

by both severe and nonsevere impairments." *Parker–Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012); *see Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*."); 20 C.F.R. § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe [ ]' . . . when we assess your [RFC] . . . ."). Failing to do so constitutes legal error. *Parker-Grose*, 462 F. App'x at 18; *see* 20 C.F.R. § 416.945(a)(2). The Court must conclude that such a failure occurred here.

Substantial evidence supports that Plaintiff suffers from several mental impairments beyond the impairments that the ALJ deemed "severe," including bipolar disorder, depression, an anxiety disorder, polysubstance use disorder (in remission), and ADHD. The ALJ's findings that these mental impairments created mild limitations for Plaintiff at each of the four functional areas of Paragraph B criteria are also supported by substantial evidence. Yet beyond boilerplate language in the ALJ's decision, stating in summation that he "considered . . . [Plaintiff's] severe and nonsevere impairments," AR at 33, or that he "considered all symptoms," *id.* at 31, there is no mention, let alone discussion, of any of Plaintiff's medically determinable impairments beyond his seizure disorder and migraine headaches in the ALJ's RFC assessment. *See id.* at 31–33.

Not only is there an absence of references to evidence of Plaintiff's non-severe mental impairments in the RFC assessment, the ALJ's decision often plainly limits

8

its findings to the impact of Plaintiff's seizure disorder and migraines. For example, the ALJ found that Plaintiff "is able to complete activities of daily living, including work driving, *despite ongoing seizure activity*, and work doing construction *which would involve exposure to hazards while standing, which is when seizures occur.*" *Id.* at 32–33 (emphases added). The ALJ also stated, "I find that [Plaintiff's] *migraine headaches and psychogenic seizures* are consistent with a limitation from more than moderate (office) levels of noise and avoid concentrated exposure to hazards," *i.e.*, the precise non-exertional limitation contained in the ALJ's formulated RFC. *Id.* at 32. Despite the summation language of the ALJ's decision that the Commissioner highlights on appeal, the ALJ's case-specific RFC conclusion stated, "Therefore, although I find that [Plaintiff] has limitations *related to his severe impairments*, I find that the above residual functional capacity appropriately accounts for *those* limitations." *Id.* at 33 (emphases added).

This is insufficient to permit the Court to affirm the ALJ's decision, especially where the ALJ found, as supported by substantial evidence, that Plaintiff's non-severe mental impairments posed mild limitations in each of the four functional areas analyzed under the special technique. *See Parker-Grose*, 462 F. App'x at 18 (remanding where the non-severe mental impairments that had been found to create mild limitations at step two were not considered in the RFC); *Dollena M. v. Comm'r of Soc. Sec.*, No. 21-CV-1137MWP, 2024 WL 957789, at *5–6 (W.D.N.Y. Mar. 6, 2024) (finding "the ALJ still committed error by failing to account for or even address any functional limitations associated with plaintiff's mental impairments in the RFC

assessment" and remanding); *Coulter v. Comm'r of Soc. Sec.*, 673 F. Supp. 3d. 365, 376 (S.D.N.Y. May 10, 2023) ("In formulating Coulter's RFC, however, the ALJ failed to mention any mental limitations, mild or otherwise, and did not explain why she concluded that Coulter's mild mental health limitations did not result in any such limitations within the RFC. That was error." (citation omitted)); *see also* 20 C.F.R. § 416.945(a)(2). The Court finds that the ALJ's failure to account for Plaintiff's non-severe mental impairments, and the mild limitations the ALJ determined they posed, in the RFC assessment constitutes legal error, which the Court cannot conclude was harmless based on the record. *Cf. Deborah R. v. Kijakazi*, No. 20-CV-1235F, 2022 WL 34458, at *4 (W.D.N.Y. Jan. 4, 2022) (distinguishing *Parker-Grose* to hold that because plaintiff's non-severe mental impairment was found to pose no limitations at step two, failure to address the same in the RFC did not warrant remand).

To be sure, an ALJ may reasonably determine that mild limitations due to non-severe impairments found during the Paragraph B analysis do not translate into functional limitations within the RFC. *See, e.g., Coulter*, 673 F. Supp. 3d. at 376. But the ALJ must provide the reviewing court with a basis for understanding how they made that determination. *Id.*; *see* Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *4 (July 2, 1996); 20 C.F.R. § 416.945(a)(2). Further, "[t]he ALJ's analysis of the Paragraph B criteria at step two is no substitute for his express consideration of limitations arising from Plaintiff's mental impairments in connection with the RFC determination." *Sandra J. v. Comm'r of Soc. Sec.*, No. 21-CV-00272, 2023 WL 3734289, at *5 (W.D.N.Y. May 31, 2023); *see* SSR 96–8p, 1996 WL 374184, at *4–5

10

(noting that criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he mental RFC assessment used at steps 4 and 5 . . . requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listing in 12.00 of the Listing of Impairments . . ."); *Wells*, 727 F.3d at 1065; *Garcia v. Comm'r of Soc. Sec.*, No. 21-CV-1230, 2022 WL 4234555, at *14 (S.D.N.Y Sept. 14, 2022) ("[An] ALJ's assessment at step two [does] not relieve [them] of the requirement to discuss Plaintiff's mental health impairments in formulating the RFC.").

The RFC assessment must discuss the extent to which a plaintiff's severe *and* non-severe impairments, mental or otherwise, affected the plaintiff's "'ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Dollena M.*, 2024 WL 957789, at *5 (quoting *Melville v. Apfel*,[6] 198 F.3d 45, 52 (2d Cir. 1999)); *see* SSR 96–8p, 1996 WL 374184, at *2, *5. Without more here, the Court cannot affirm and must remand. *See Ornelas–Sanchez v. Colvin*, 632 F. App'x 48, 49 (2d Cir. 2016) (holding that "effective review [under section 405(g)] is frustrated by the [ALJ's] decision's failure to adhere to the regulations." (quotation and brackets omitted)); *Schillo*, 31 F.4th at 74 (requiring "the crucial factors in any determination be set forth with sufficient specificity to enable [the Court] to decide whether the

---

[6] The Second Circuit also stated in *Melville*, in a comprehensive review of the Social Security regulations, that "step four of the sequential process requires an inquiry into the claimant's ability to do her 'past relevant work'; a claimant's past work experience, especially part-time work, is *not* 'relevant' unless, *inter alia*, it was 'substantial gainful activity.'" *Melville*, 198 F.3d at 54–55 (emphasis added).

11

determination is supported by substantial evidence" (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings [ECF No. 4] is granted, and the Commissioner's cross-motion for judgment on the pleadings [ECF No. 8] is denied. The matter is remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this decision. The Clerk of Court is directed to enter judgment on behalf of Plaintiff and close this case.

SO ORDERED.

Dated: November 1, 2024
Rochester, New York

*Meredith Vacca*
HON. MEREDITH A. VACCA
United States District Judge